Paul WILLIAMS; et al., Plaintiffs—
Appellants,

v.

Michael RAMSEY; et al.,
Defendants—Appellees,

and

Robert J. Beeler; et al., Defendants.

No. 04–16658.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 19, 2006.

Filed May 30, 2006.

---

\*\* This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
9th Cir. R. 36–3.

Drexel Andrew Bradshaw, Esq., Bradshaw & Associates, P.C., San Francisco, CA, for Plaintiffs–Appellants.

Terence John Cassidy, Porter, Scott, Weiberg & Delehant, Sacramento, CA, for Defendants–Appellees.

Before: RYMER and WARDLAW, Circuit Judges, and WARE,* District Judge.

## MEMORANDUM **

Paul Williams and Daylyn Presley appeal the district court's summary judgment on qualified immunity in their 42 U.S.C. § 1983 action alleging violation of their Fourth Amendment rights. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm for reasons stated in greater detail by the district court.

■■■ In sum, to survive summary judgment, Williams and Presley had to show that "without the dishonestly included or omitted information, the magistrate would not have issued the warrant." *Hervey v. Estes*, 65 F.3d 784, 789 (9th Cir. 1995), *as amended*. They failed to do so, because even absent the allegedly false information in the April 10, 2001 affidavit there was probable cause to suspect that

---

* The Honorable James Ware, United States, District Judge for the Northern District of California, sitting by designation.

the searches would uncover evidence of illegal activity. Williams and Presley's attempts to undermine those parts of the affidavit derived from the Steven Clark interview and from the March 8, 2001 affidavit are unavailing. Clark was the club manager and the police later substantially corroborated information attributable to him. *See United States v. Bishop,* 264 F.3d 919, 925 (9th Cir.2001) (noting that veracity "may be demonstrated through independent police corroboration of the information provided by an informant"). Similarly, the confidential informant referenced in the March affidavit spoke from first-hand experience, and his statements were substantially corroborated both by the police and by other informants. *See United States v. Landis,* 726 F.2d 540, 543 (9th Cir.1984) ("Interlocking tips from different confidential informants enhance the credibility of each."). The district court did not abuse its discretion in denying discovery of the confidential informant's identity due to the tardiness of the request. In any event, the March affidavit contained considerable additional evidence, apart from statements attributed to the confidential informant, to support a finding of probable cause.

As the April affidavit established probable cause to conduct the searches at issue in this case even without the allegedly false information in that affidavit, the officers are entitled qualified immunity.

**AFFIRMED.**